## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAFISA ROSS<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC<br>    and<br>FRANKLIN CAPITAL<br>CORPORATION<br><br>Defendants. | )<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### PRELIMINARY STATEMENT

1.     This is an action for damages brought by individual consumer, Nafisa Ross, against Trans Union LLC and Franklin Capital Corporation (collectively "Defendants"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended.

### THE PARTIES

2.     Plaintiff Nafisa Ross is an adult individual residing at 1738 Autumn Rust Drive, Las Vegas, Nevada 89119.

3.     Defendant Trans Union, LLC (hereafter "Trans Union") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4.     Defendant Franklin Capital Corporation (hereafter "Franklin Capital") is a lending entity that regularly conducts business in Philadelphia County, Pennsylvania, and which

has a principal place of business located at 47 West 200 South, Suite 500, Salt Lake City, Utah 84101.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

8. The inaccurate information consists of a "Chap. 13 bankruptcy" remark on a Franklin Capital Corporation account appearing on Plaintiff's Trans Union credit report. This is Plaintiff's only adverse account, but she has never filed for bankruptcy. Nor is there any bankruptcy public record listing on her Trans Union report.

9. Defendant Trans Union has a systemic problem with inaccurate bankruptcy remarks. It knows that bankruptcy remarks on individual or joint accounts should not report when the consumer has no public record of a bankruptcy listing on his or her report. Defendant Trans Union knows how to avoid the inaccurate bankruptcy remarks from listing on a consumer's report through a simple and inexpensive cross-referencing procedure. Yet Defendant Trans Union repeatedly fails to avoid the reporting of inaccurate bankruptcy remarks, and failed to follow any procedure that would avoid an inaccurate bankruptcy remark from appearing on Plaintiff's credit report in this case.

10. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

11. Trans Union has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown, through 2010.

12. Plaintiff disputed the inaccurate information with Defendants by following established procedures for disputing consumer credit information in or around June 2010.

13. Notwithstanding Plaintiff's efforts, Trans Union has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Trans Union continues to publish and disseminate such inaccurate information to other third parties.

14. Despite Plaintiff's efforts, Trans Union has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications; (5) requested any alleged bankruptcy related documents or any other relevant documents from the entities furnishing the inaccurate information.

15. Notwithstanding Plaintiff's disputes, Franklin Capital has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agency concerning Plaintiff's disputes and has willfully continued to report such inaccurate information to the credit reporting agency, not even marking the above accounts as disputed, as required by the FCRA.

16.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities for a student loan in July of 2010.  Also, Sears specifically turned down Plaintiff's application in July 2010 for credit because of the "bankruptcy" remark on Plaintiff's Trans Union credit report.

17.     As a result of Defendants' conduct, Plaintiff has also suffered actual damages in the form of distress, humiliation, embarrassment, anxiety, and frustration, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

18.     As a result of Defendants' conduct, Plaintiff has also suffered actual damages in the form of injury to credit rating and reputation, and a decreased credit score, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

19.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### COUNT I – TRANS UNION – VIOLATIONS OF THE FCRA

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     At all times pertinent hereto, Trans Union was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

> (a) willfully and negligently failing to timely and properly re-investigate the inaccurate information after receiving notice of the dispute from the Plaintiff and to timely delete the inaccurate information, in violation of 15 U.S.C. § 1681i; and
>
> (b) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

26. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## COUNT II – FRANKLIN CAPITAL–VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto Franklin Capital was a "person" as that term defined by 15 U.S.C. § 1681a(b).

29. Franklin Capital violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct:

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    (b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Franklin Capital;

    (c) willfully and negligently failing to report the accurate status of the disputed information to the credit reporting agency;

    (d) willfully and negligently failing to mark the disputed account and remark as disputed; and

    (e) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

30. Franklin Capital's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Franklin Capital is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

31. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys fees pursuant to 15 U.S.C. §§ 1681n & 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:  /s/ John Soumilas
JOHN SOUMILAS
ERIN A. NOVAK
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: October 1, 2010                    Attorneys for Plaintiff